Kristy M. Arevalo, State Bar No. 216308
**MCCUNE·WRIGHT·AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Dean Gresham [PHV Pending]
**Steckler Gresham Cochran PLLC**
12720 Hillcrest Rd., Suite 1045
Dallas, TX 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY FERRY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAM CITY, INC.,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Casey Ferry, individually and on behalf of all others similarly situated, by and through counsel, brings this action against Defendant Jam City, Inc. ("Defendant" or "Jam City"). Plaintiff alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

# THE PARTIES

1. Plaintiff Casey Ferry is an individual residing in Illinois. As part of the process to access Defendant Jam City's products and/or services, Plaintiff was required to and did entrust her personally-identifiable information ("PII") with Defendant Jam City. On or about July 13, 2019, Plaintiff was notified that her PII was disclosed without her authorization to an unknown third party as a result of Defendant Jam City's massive data breach, which occurred on or about March 18, 2019.

2. Defendant Jam City is a Delaware corporation with its headquarters and principal place of business located at 3525 Eastham Drive, Culver City, California 90232. Jam City can be served through its registered agent, Jae Yu, 3525 Eastham Drive, Culver City, California 90232.

# JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because this is a class action in which: (a) there are over 100 members in the proposed class; (b) at least one member of the proposed class is a citizen of a different state than Defendant; and (c) the claims of the proposed class members exceeds five million dollars ($5,000,000), exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant Jam City because Defendant is registered to do business and domiciled in the State of California, is authorized to do business in California, has sufficient minimum contacts with California, and otherwise intentionally avails itself of the protections of California law through its substantial business within California sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5. Venue is proper under 28 U.S.C. § 1391(a), (b)(1)-(2), and (c)(2) because Defendant is subject to personal jurisdiction in, and is a resident of, this Judicial District.

///
///

# ALLEGATIONS OF FACT

6. This class action arises from Jam City's failure to adequately safeguard and protect the confidential and sensitive PII,[1] including email addresses, full names, birth dates, and biometric and other information,[2] of its users. Plaintiff, on behalf of herself and other users of Jam City's products and services who had their personal data and information exposed from Jam City's servers and/or databases, seeks to recover for the substantial damages that have been caused, and will continue to be caused, by Defendant's failure to adequately protect said information.

7. Defendant Jam City "is a leader in mobile entertainment, providing unique and deeply engaging games that appeal to broad global audiences," and "was founded in 2009 by MySpace co-founder and CEO Chris Dewolfe and former 20th Century Fox executive Josh Yguado."[3] "Jam City is the go-to studio for Hollywood, having developed immersive, narrative-rich mobile games around iconic entertainment brands including Harry Potter, Family Guy, and Marvel Avengers. Jam City has eight studios around the globe including Los Angeles (HQ), Burbank, San Francisco, San Diego, Toronto, Bogota, Berlin, and Buenos Aires."[4]

///
///
///
///

---

[1] PII "refers to information which can be used to distinguish or trace an individual's identity, such as their name, social security number, biometric records, etc. alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc." OFFICE OF MGMT. & BUDGET, EXEC. OFFICE OF THE PRESIDENT, OMB MEM. NO. M-07-16, SAFEGUARDING AGAINST AND RESPONDING TO THE BREACH OF PERSONALLY IDENTIFIABLE INFORMATION (2007).

[2] This information could include: certain information about a user's computer or mobile device including operating system, software version, Internet protocol (IP) address, user settings, MAC address, cookie identifiers, mobile carrier, mobile advertising and other unique identifiers, language, details about a user's browser, location information (including inferred location based off a user's IP address), Internet service provider, pages that a user visited before, during and after using Jam City's products and services, information about the links a user clicks, and other information about how a user uses Jam City's products and services.

[3] https://www.jamcity.com/#about.

[4] *Ibid.*

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

8. Some of Jam City's games include:



9. What users do not know, however, is that in playing Jam City's games, they placed their PII at risk.

10. It is well-known, and the subject of many media reports, that PII data is highly coveted by, and the frequent target of, hackers and cybercriminals. Legitimate organizations and the criminal underground alike recognize the value in PII. Otherwise, they wouldn't pay for it or aggressively seek it. PII data has been stolen and sold by the criminal underground on many occasions in the past, and the accounts of the thefts and unauthorized access have been the subject of many media reports. In recent years,

-4-
PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

criminals have increasingly been drawn to unlawfully obtaining PII because they can use biographical data from multiple sources to perpetuate more and larger thefts. Illicity obtained PII, sometimes aggregated from different breaches, is sold on the black market, including on websites.[5] In turn, identity thieves can use PII, *inter alia*, to open new financial accounts and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, clone ATM, debit, or credit cards, obtain a job or housing, and commit various types of government crimes such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, and filing a fraudulent tax return using the victim's information to obtain a fraudulent refund. Worse yet, some of this activity may not come to light for years and may continue in perpetuity.

11. Plaintiff and Class Members (defined below) were required to and did provide their PII to Defendant Jam City in order to access Defendant Jam City's mobile entertainment.

12. On or about March 18, 2019, Defendant Jam City allowed approximately 28 million unique email addresses to be exposed, as well as Jam City users' full names, birth dates, and other biometric information, from a massive data breach.[6]

13. On or about July 13, 2019, Plaintiff was notified that her PII was exposed from Defendant Jam City's servers and/or databases by a third-party watchdog:

///
///
///
///

---

[5] *See, e.g.*, *How Much Is Your Identity Worth?*, Krebs on Security, http://krebsonsecurity.com /2011/11/how-much-is-your-identity-worth/ (last visited July 23, 2019).

[6] https://haveibeenpwned.com/PwnedWebsites; Catalin Cimpanu for Zero Day, *A hacker has dumped nearly one billion user records over the past two months*, ZDNET, https://www.zdnet.com/article/a-hacker-has-dumped-nearly-one-billion-user-records-over-the-past-two-months/ (Apr. 15, 2019).

> **Have I Been Pwned email screenshot:**
>
> Sent from my Samsung Galaxy smartphone.
>
> -------- Original message --------
> From: Have I Been Pwned <noreply@haveibeenpwned.com>
> Date: 7/13/19 2:57 PM (GMT-06:00)
> To: casey.lynn30@yahoo.com
> Subject: You're one of 28,364,826 people pwned in the MindJolt data breach
>
> ';--have i been pwned?
>
> **You've been pwned!**
>
> You signed up for notifications when your account was pwned in a data breach and unfortunately, it's happened. Here's what's known about the breach:
>
> **Email found:** casey.lynn30@yahoo.com
> **Breach:** MindJolt
> **Date of breach:** 18 Mar 2019
> **Number of accounts:** 28,364,826
> **Compromised data:** Dates of birth, Email addresses, Names
> **Description:** In March 2019, the online gaming website MindJolt suffered a data breach that exposed 28M unique email addresses. Also impacted were names and dates of birth, but no passwords. The data was provided to HIBP by a source who requested it be attributed to "JimScott.Sec@protonmail.com".
>
> **2 Steps to Better Password Security**
> Monitoring Have I Been Pwned for data breaches is a great start, now try these next 2 steps to protect all your accounts:

14. The risk of theft by, or disclosure to, cyber criminals of sensitive data, including PII, stored electronically is well-documented and common knowledge. In the information age, such attacks are commonplace and thus companies such as Jam City are, and/or should be, aware that they must take precautions to prevent becoming unwitting accomplices to these schemes, especially in light of numerous, recent, high-profile attacks.

15. Due to Jam City's failure to safeguard and take adequate precautions regarding its users' data and information, Plaintiff's, and tens of millions of other persons', sensitive information is now in the possession of an unknown third-party or parties who have already used the information for illegal purposes, and will be able to continue doing so indefinitely. Indeed, the information and data acquired from Jam City, including Plaintiff's PII, has already been offered for sale on the dark web: [7]

///

///

---

[7] *See* Cimpanu, *supra* n. 5.

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

16. A person whose PII has been compromised may experience identity theft and identity fraud for years because PII is a valuable commodity to identity thieves, and once that information has been compromised, these criminals often trade the information on the "cyber black-market" for years, and possible indefinitely. A study conducted by the U.S. Department of Justice's Bureau of Justice Statistics found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems" and that "resolving the problems caused by identity theft [could] take more than a year for some victims."[8]

17. As a direct and proximate result of Jam City's failure to maintain adequate and reasonable data security processes, controls, policies, procedures, and protocols to safeguard and protect the sensitive data, information, and PII of its users—and despite the well-publicized data breaches that have occurred recently nationwide—Plaintiff and

---

[8] Victims of Identity Theft, 2012 (Dec. 2013) at 10, 11, *available at* https://www.bjs.gov/content/pub/pdf/vit12.pdf (last visited July 24, 2019).

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Class Members have had their sensitive information, data, and PII compromised and have suffered substantial harm from the misuse of that material. Plaintiff and Class Members have been placed at risk of current and future fraud, identity theft, and financial injury, and have incurred direct and significant financial and temporal expenses that they will continue to incur in the future, including, *inter alia*, costs associated with identity theft monitoring, removing their personal information from the dark web, and other measures needed to protect against and resolve the misuse of their sensitive and confidential information, data, and PII.

18. Defendant Jam City disregarded the rights of Plaintiff and Class Members by intentionally, willfully, recklessly, and/or negligently failing to heed warnings from governmental agencies regarding data breaches and taking and implementing adequate and reasonable measures to ensure that the data it stores was safeguarded. As a result, the PII of Plaintiff and Class Members was compromised and disclosed to an unknown and unauthorized third party. Moreover, as this same information remains stored in Jam City's servers and/or databases, upon information and belief, Plaintiff and Class Members have an interest in ensuring that their information is and remains safe and are entitled to injunctive and other equitable relief.

19. To date, upon information and belief, Defendant Jam City has not offered its users, including Plaintiff, affected by the breach any sort of compensation, protections, information, resources, or security regarding their exposed PII. Defendant has not even notified its users, including Plaintiff, that the massive data breach occurred.

20. Plaintiff and Class Members' PII is an intangible asset that has value, evidenced by the fact that it has already been offered for sale on the dark web.

21. Because of Defendant's negligence, Plaintiff and Class Members' PII is no longer as valuable to them as it once was, and Plaintiff and Class Members have suffered and will continue to suffer damages, including monetary losses, lost time, and anxiety.

22. Specifically, Plaintiff and Class Members have suffered:

    a. The loss of the opportunity to control how their PII is used;

      b. The diminution in value of their PII; and

      c. The compromise, publication, theft, and/or sale of their PII.

23. They are also at an increased risk of suffering or have already been harmed by:

      a. Out-of-pocket costs associated with the prevention, detection, recovery, and remediation from identity theft or fraud;

      b. Lost opportunity costs and lost wages associated with effort expended and the loss of productivity from addressing and attempting to mitigate the actual and future consequences of their PII being exposed, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from identity theft and fraud;

      c. Unauthorized use of compromised PII;

      d. The continued risk to their PII, which remains in the possession of Jam City and unauthorized third parties and is subject to further compromises from data breaches and unauthorized use of compromised PII so long as Jam City fails to undertake appropriate measures to protect the PII in its possession; and

      e. Current and future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, remediate, and repair the impact of the Defendant's negligence in exposing their PII in perpetuity.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this suit as a class action on behalf of herself and on behalf of all others similarly situated pursuant to Rule 23(b)(2), (b)(3) and (c)(4) of the Federal Rules of Civil Procedure.

25. The Nationwide Class that Plaintiff seeks to represent is defined as follows:

> All U.S.-based Jam City users whose PII was compromised as a result of Jam City's data breach on or about March 18, 2019 ("Class Members" of the "Class").

26. Excluded from the Class are the officers, directors, and legal representatives of Jam City and the judges and court personnel in this case and any members of their immediate families.

27. <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). The members of the Class are so numerous that joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiff at this time, based on information and belief, it is estimated to be in the millions. The exact number is generally ascertainable by appropriate discovery as Jam City has, or should have, knowledge of which users' PII was exposed.

28. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

   a. Whether and to what extent Jam City had a duty to protect the PII of Class Members;
   b. Whether Jam City failed to adequately safeguard the PII of Class Members;
   c. Whether Jam City adequately and accurately informed Class Members that their PII had been compromised;
   d. Whether Jam City failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised;
   e. Whether Jam City engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PII of Class Members;
   f. Whether Class Members are entitled to actual, damages, statutory damages, and/or punitive damages as a result of Jam City's wrongful conduct;
   g. Whether Plaintiff and Class Members are entitled to restitution as a result of Jam City's wrongful conduct; and

        h. Whether Class Members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of Jam City maintaining their PII.

29. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other class member, was disclosed by Jam City. Plaintiff's claims are typical of those of the other Class Members because, *inter alia*, all Class Members were injured through the common misconduct of Defendant. Plaintiff is advancing the same claims and legal theories on behalf of herself and all other Class Members, and there are no defenses that are unique to Plaintiff. The claims of Plaintiff and those of other Class Members arise from the same operative facts and are based on the same legal theories.

30. <u>Adequacy of Representation</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the Class in that she has no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of her rights and the damages she has suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.

31. <u>Superiority of Class Action</u>. Fed. R. Civ. P. 23(b)(3). The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that thousands if not millions of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporate Jam City. Further,

even for those Class Members who could afford to litigate such a claim, it would still be economically impractical.

32. The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

33. The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

34. Adequate notice can be given to Class Members directly using information maintained in Jam City's records.

35. Unless a Class-wide injunction is issued, Jam City may continue in its failure to properly secure the PII of Class Members, Jam City may continue to refuse to provide proper notification to Class Members regarding the data breach, and Jam City may continue to act unlawfully as set forth in this Complaint.

36. Further, Defendant has acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

37. Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

    a. Whether Defendant owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their PII;

    b. Whether Defendant breached a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their PII; and

    c. Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security.

## **CAUSES OF ACTION**

### *Count I*

### **Negligence**

38. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

39. Plaintiff and Class Members' PII was compromised as a result of Jam City's negligence.

40. As a condition of their use of Jam City's products and/or services, Plaintiff and Class Members were required to provide Jam City with certain PII, including their full name, date of birth, and email address. Jam City, upon information and belief, also recorded and stored the details of Plaintiff and Class Members' use of their products and/or services, known as biometric records, which was also exposed in the data breach.

41. Plaintiff and Class Members entrusted their PII to Jam City on the premise and with the understanding that Jam City would safeguard their information, and with the

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

1  belief that Jam City was in a position to safeguard and protect against the harm suffered
2  by Plaintiff and Class Members as a result of the data breach.
3       42.    Defendant had full knowledge of the sensitivity of the PII and the types of
4  harm that Plaintiff and Class Members could and would suffer if the PII were wrongfully
5  disclosed.
6       43.    Defendant had a duty to exercise reasonable care in safeguarding, securing,
7  and protecting such information from being compromised, lost, stolen, misused, and/or
8  disclosed to unauthorized parties. This duty includes, *inter alia*, designing, maintaining,
9  and testing Defendant's security protocols to ensure that Plaintiff and Class Members'
10 information in its possession was adequately secured and protected. Jam City knew that
11 by collecting and storing its users' sensitive and personal information, it undertook such a
12 responsibility. Jam City owed such a duty of care to Plaintiff and Class Members
13 because they were foreseeable and probable victims of any inadequate security practice.
14 Plaintiff and Class Members had no ability to protect their data that was in Jam City's
15 possession.
16      44.    Jam City's own conduct created a foreseeable risk of harm to Plaintiff and
17 Class Members. Jam City's misconduct included, but was not limited to, its failure to
18 take the steps and opportunities to prevent Plaintiff and Class Members' PII from being
19 disclosed as set forth herein.
20      45.    Jam City was in a position to protect against the harm suffered by Plaintiff
21 and Class Members as a result of the data breach.
22      46.    Jam City had and continues to have a duty to adequately disclose that the PII
23 of Plaintiff and Class Members within its possession might have been compromised, how
24 it was compromised, and precisely the types of information that were compromised and
25 when. Such notice was necessary to allow Plaintiff and Class Members to take steps to
26 prevent, mitigate, and repair any identity theft and the fraudulent use of their PII by third
27 parties.
28

47. Jam City had a duty to have proper procedures in place to prevent the unauthorized dissemination of the PII of Plaintiff and Class Members.

48. Jam City, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class Members by failing to exercise reasonable care in protecting and safeguarding the PII of Plaintiff and Class Members during the time the PII was within Jam City's possession or control.

49. Jam City, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class Members by failing to have adequate procedures in place to detect and prevent disseminations of its users' PII.

50. Jam City, through its actions and/or omissions, unlawfully breached its duty to adequately disclose to Plaintiff and Class Members the existence and scope of the data breach.

51. But for Jam City's wrongful and negligent breach of duties owed to Plaintiff and Class Members, the PII of Plaintiff and Class Members would not have been compromised. There is a proximate causal connection between Jam City's failure to implement and adhere to adequate security measures to protect the PII of its users and the harm suffered or risk of imminent harm suffered by Plaintiff and Class Members.

52. As a result of Jam City's negligence, Plaintiff and Class Members have suffered and will continue to suffer damages and injury including, but not limited to: out-of-pocket expenses associated with investigating the presence of their PII on the Internet and taking measures to prevent further dissemination of their PII; fees incurred in seeking professional advice regarding the exposure of their PII; increased risk of future identity theft and fraud, and the costs associated therewith; and time spent monitoring, addressing, and correcting the current and future consequences of their PII being exposed and sold to unauthorized third parties.

53. Plaintiff and Class Members also have suffered and will continue to suffer fear and anxiety regarding how their stolen PII will be used to their detriment.

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

54. Plaintiff and Class Members also have suffered and will continue to suffer from the damage to and reduction in the value of their PII which has been irreparably harmed and compromised as a result of Defendant's conduct.

## *Count II*

## **Negligence Per Se**

55. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

56. Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses of failing to use reasonable measures to protect PII.

57. Jam City violated Section 5 of the FTC Act by failing to use reasonable measures to protect PII. Jam City's conduct was particularly unconscionable and unreasonable given the fact that 28 million users' PII was exposed.

58. Jam City's violation of Section 5 of the FTC Act constitutes negligence *per se*.

59. Plaintiff and Class Members are within the class of persons that the FTC Act was intended to protect.

60. The harm that occurred as a result of Defendant's data breach is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

61. As a direct and proximate result of Jam City's negligence *per se*, Plaintiff and the Class have suffered, and continue to suffer, injuries and damages arising from Plaintiff and Class Members' PII being offered for sale on the dark web, damages from lost time and effort to mitigate the actual and potential impact of their PII being exposed

1  and offered for sale on the dark web, and damages from identity theft, which may take
2  months if not years to discovery and detect.
3       62.    Plaintiff and Class Members also have suffered and will continue to suffer
4  fear and anxiety regarding how their stolen PII is being used and will be used to their
5  detriment
6       63.    Plaintiff and Class Members also have suffered and will continue to suffer
7  from the damage to and reduction in value of their PII which has been irreparably harmed
8  and compromised as a result of Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, pray for relief as follows:

    a.    For an Order certifying this action as a class action and appointing Plaintiff and her Counsel to represent the Class;

    b.    A mandatory injunction directing Jam City to hereinafter adequately safeguard the PII of the Class by implementing improved security procedures and measures;

    c.    A mandatory injunction requiring that Jam City provide notice to each member of the Class relating to the full nature and extent of the exposure of their PII;

    d.    For an award of damages, in an amount to be determined;

///
///
///
///
///
///
///
///

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

  e. For an award of attorneys' fees and costs;

  f. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Date: July 26, 2019    **McCune·Wright·Arevalo, LLP**

By: _____
  Kristy M. Arevalo
  *Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: July 26, 2019    **McCune·Wright·Arevalo, LLP**

By: _____
  Kristy M. Arevalo
  *Attorney for Plaintiff*

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT